USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/10/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

LUV2BFIT, INC. *et al.*,

                            Plaintiffs,

    -against-

                                06 CV 15415 (CSH)

CURVES INTERNATIONAL, INC., and
HOWARD GARY HEAVIN,

                              MEMORANDUM OPINION
                   Defendants.         AND ORDER

----------------------------------------------------------------x

HAIGHT, Senior District Judge:

In this diversity action, Plaintiffs, former or current franchisees, sue defendant Curves International, Inc. ("Defendant Curves" or "Curves"), a franchisor, and defendant Howard Gary Heavin ("Defendant Heavin" or "Heavin"), the Chief Executive Officer of Curves, (collectively "Defendants") alleging various claims sounding in contract that arise out of the parties' franchise relationship. Citing the forum selection clauses in the franchise agreements, defendant Curves moves to dismiss or, alternatively, to transfer this action to the Western District of Texas. In addition, defendant Heavin moves to dismiss the claims against him on the ground that his contacts with New York are constitutionally insufficient to justify this Court's exercise of personal jurisdiction. For the reasons set forth below, defendants' motion is granted in part and denied in part, as moot.

## I. PARTIES

Defendant Curves is a Texas corporation with its principal offices located in Woodway, Texas. Curves is a franchisor that grants franchises for the operation of thirty-minute fitness and

weight-loss centers under the Curves for Women trade name, trademark and system of operating procedure. Def.'s Mem. at 3. Defendant Howard Gary Heavin ("Heavin"), a citizen of Texas, is the Chief Executive Officer and Director of Curves. Plaintiffs are thirty-five individuals or business entities that currently or formerly owned and operated Curves franchises throughout the state of New York.

## II. BACKGROUND

The case at bar arises out of franchise agreements entered into by the parties, as well as alleged representations between the parties before and during the performance of the franchise agreements.[1] There were nine different types of franchise agreements entered into between the parties.[2] The franchise agreements contain two types of forum selection clauses. Their enforceability presents the core question in the present motion. The first forum selection clause, contained in thirty-four of the franchise agreements, reads:

> Franchisee and Curves acknowledge and agree that the U.S. District Court for the Western District of Texas, or if such court lacks jurisdiction, the judicial districts courts (or successor) in and for McLennan County, Texas shall be the venue and exclusive proper forum in which to adjudicate any case or controversy arising either, directly or indirectly, under or in connection with this Agreement except to the extent otherwise provided in this agreement and the parties agree further that, in the event of litigation arising out of or in connection with this Agreement or the relationship between Curves and Franchisee in these courts, they will not contest or challenge the jurisdiction or venue of these courts.

The second forum selection clause, contained in six of the franchise agreements, states:

---

[1] Because a number of the thirty-five plaintiffs in this case entered into more than one franchise agreement with defendant, the parties in their briefs make reference to forty franchise agreements.

[2] Curves used Forms: 0104, 0400, 0401, 0402, 0403, 0405, 0502, 0904 and 1203, which are attached as exhibits to defendant's motion. *See* Def.'s Mot. to Dismiss Ex. A-1 - A-40.

2

> Franchisee and each of its owners agree that any action arising out of or
> relating to the relationship, rights, or obligations of the parties herein shall
> be brought in any state or federal court of general jurisdiction where
> franchisor's principal business address is then located and franchisee
> irrevocably submits to the jurisdiction of such courts and waives any
> objection it may have to either the jurisdiction or venue of such court.

Apparently, the franchise relationship between the parties failed and this litigation ensued. On March 2, 2006, Plaintiffs filed a complaint in this Court alleging that defendants made misrepresentations about the Curves franchise system, which induced Plaintiffs into joining the Curves franchise system, and that Curves failed to perform its obligations under its franchise agreements with plaintiffs in violation of New York's Franchise Law.

Defendants now move to dismiss plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) or 12(b)(6) for improper venue. Defendants argue in the alternative that transfer to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) is appropriate. Defendants also contend that this Court lacks personal jurisdiction over Heavin because his contacts with the state of New York are insubstantial.

## III. DISCUSSION

### A. Whether the Forum Selection Clauses are Valid and Enforceable

The first question the instant motion raises is whether the forum selection clauses included in the franchise agreements are valid and enforceable. As noted, the clauses designate the federal district court for the Western District of Texas or the state or federal court where the franchisor's principal place of business is located as the forum for disputes to be heard. In their response to defendants' motion, plaintiffs claim that the forum selection clauses must be rendered unenforceable because it is contrary to the anti-waiver provision of the New York

3

Franchise Sales Act ("NYFSA" or "the Act"). Pls.' Mem. in Opp'n at 2.

Preliminarily, it should be noted that forum selection clauses are prima facie valid and should be enforced unless "the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching.'" *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (quoting *The Bremen v. Zapata Off Shore Co.*, 407 U.S. 1, 10 (1972)). The "unreasonable" exception renders a forum selection clause unenforceable in the following circumstances: (1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party 'will for all practical purposes be deprived of his day in court,' due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state. *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993).

Plaintiffs argue that the forum selection clauses are unreasonable because they contravene the public policy of New York. Specifically, they contend that these provisions, to the extent they precludes franchisees whose franchises are located in New York from filing lawsuits arising out of the franchise agreement in New York's state or federal courts, circumvents the protections provided to franchisees under the NYFSA. Defendant Curves counters that the forum selection clauses contained in the franchise agreements remain enforceable because they are not in conflict with the NYFSA. After careful consideration of the parties' arguments and a review of the NYFSA itself, the Court concludes that the anti-waiver provision of the NYFSA does not render the franchise agreements' forum selection clauses unenforceable.

On January 1, 1981, the New York legislature enacted the NYFSA, Article 33 of the General Business Law, to govern and regulate the offer and sale of franchises within the state of New York. *See* NY Gen. Bus. Law § 680(1). The stated legislative purpose of the Act is to "provide franchisees and potential franchise investors with material details of the franchise offering so that they may participate in the franchise system in a manner that may avoid detriment to the public interest and benefit commerce and industry of the state" and to "prohibit the sale of franchises where such sales would lead to fraud or a likelihood that the franchisor's promise would not be fulfilled." *Id.*[3]

The anti-waiver provision relied on by plaintiffs is contained in § 687(4) of the NYFSA. It specifically prohibits a franchisee from assenting to a waiver of any law or rule promulgated by the NYFSA. I quote the provision in full:

> Any condition, stipulation, or provision purporting to bind any person

---

[3] The NYFSA contains anti-fraud provisions that allow franchisees to bring claims against the franchisor for alleged misrepresentations, omissions or fraudulent conduct. This section of the Act is captioned "Fraudulent and unlawful practices" and provides that:

> It is unlawful for a person, in connection with the offer, sale or purchase of any franchise, to directly or indirectly:
>
> (a) employ any device, scheme, or artifice to defraud.
>
> (b) Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. It is an affirmative defense to one accused of omitting to state such a material fact that said omission was not an intentional act.
>
> (c) Engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

5

> acquiring any franchise to waive compliance with any provision of this
> law, or rule promulgated hereunder, shall be void.

N.Y. Gen. Bus. Law § 687(5). The Act prohibits a franchisor from contracting out any potential liability it may have with respect to misrepresentations, omissions or fraudulent conduct. Plaintiffs interpret this anti-waiver provision to mean that they cannot be required to contractually consent to litigating this case in a forum other than New York. However, this is too broad a reading of the NYFSA; nothing in the language of the Act implicitly or explicitly limits the right of a New York franchisee to agree to litigate disputes in other fora. Plaintiffs cite no binding legal authority for this proposition and the Court's research reveals no support for it.[4]

However, *Hellex Car Rental Systems Inc., v. Dollar Systems*, No. CV-04-5580, 2005 WL 3021963 (E.D.N.Y. November 9, 2005), a case cited by defendants, is instructive. The court in that case was presented with precisely the same question now faced by this Court. Judge Block rejected the plaintiff's argument that New York franchise law prevents parties entering into a

---

[4] Plaintiffs cite two Connecticut cases, *Pepe v. GNC Franchising, Inc.*, 750 A.2d 1167 (Conn. Super. Ct. 2000) and *Sherman Street Associates, LLC. v. JTH Tax, Inc.*, No. 3:03 CV 1875, 2004 WL 2377227 (D. Conn. September 30, 2004), for the proposition that the anti-waiver provision in the NYFSA renders the forum selection clauses in the franchise agreements void.

In *GNC Franchising*, the anti-waiver provision of the Connecticut Franchise Act provided in part that: "[a]ny franchisee may bring an action for violation of [certain sections of the statute], inclusive, *in the Superior Court* to recover damages sustained by reason of such violation." 750 A.2d at 1168 (emphasis added). The court rendered the forum selection clause in that case invalid because it determined that the Connecticut statute, unlike the New York statute at issue here, explicitly limited the applicability of forum selection clauses in certain franchise cases. *See* 750 A.2d at 1168-69. Thus, I do not find this case to be instructive to the case at bar.

In *Sherman Street Associates*, the district court, citing *Stewart Org. Inc., v. Ricoh Corp.*, 487 U.S. 20, 22 (1988), held that a state's franchise statute cannot by itself invalidate a forum selection clause in a franchise agreement. In considering a motion to transfer venue, a court must also take into consideration § 1404(a) in determining whether there should be a change of forum. 2004 WL 2377227, at *2.

In any event, those cases examine Connecticut franchise law, not New York franchise law, and are not binding on this Court.

franchise agreement subject to the NYFSA from designating a forum other than New York to litigate disputes that arise under the contract. He reasoned that:

> As observed in the commentary to the [NYSFA], the principle that franchise agreement forum selection clauses will be given great deference and enforced absent impropriety such as fraud and coercion in franchise disputes involving New York franchisees has recently been reinforced.... [B]ecause there is no support for the argument that New York franchise law precludes New York franchisees from agreeing to litigate disputes in other fora, the designation of law other than that of New York to the parties' franchise dispute does not render the parties' choice of forum unreasonable.

2005 WL 3021963, at *5 (citations omitted).

In the case at bar, the Court likewise rejects plaintiffs' argument that New York law precludes enforcement of the parties' agreement to litigate disputes in a Texas forum. Plaintiffs have not challenged the forum selection clauses on the basis of fraud or coercion. Thus, giving effect to the parties' agreed upon choice of forum to litigate disputes does not violate New York's public policy to protect its citizens from being fraudulently induced into franchise agreements. The Court therefore concludes that the forum selection clauses contained in the franchise agreements are enforceable.[5]

## B. Transfer of Venue

Having decided that the forum selection clauses at issue in this case are enforceable as to

---

[5] The Court expresses no view on the merits of plaintiffs' assertion that enforcing the choice of law provision in the franchise agreements will prevent the franchisees from invoking the NYFSA's protections. That question is not before this Court and is distinct from the question of whether the forum selection clauses should be enforced. *See Hellex*, 2005 WL 3021963, * 5 (finding that "any restrictions New York may place on the law to be applied to the underlying franchise dispute is distinct from the parties' ability to contract for the place where the action must be brought").

plaintiffs' claims, there is still the question of whether to transfer the case pursuant to 28 U.S.C. § 1404(a). An enforceable forum selection clause "is not dispositive as to a transfer under § 1404(a)." *Falconwood Financial Corp. v. Griffin*, 838 F. Supp. 836, 840 (S.D.N.Y. 1993) (citing *Stewart Org. Inc., v. Ricoh Corp.*, 487 U.S. at 30.) The district court must still take into consideration the factors considered by courts in the Second Circuit when deciding whether to transfer a case. *Id*.

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The goal of § 1404(a) is "to prevent waste of time, energy and money and to protect litigants, witnesses and [the] public against unnecessary inconvenience and expense." *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 394 (S.D.N.Y. 2006) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)) (internal quotation marks omitted). District courts have broad discretion in determining whether transfer is warranted, and notions of convenience and fairness are considered on a case-by-case basis. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

Courts in the Second Circuit consider the following factors in determining the balance of convenience and fairness on a motion to transfer: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Am. Eagle*

8

*Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474 (S.D.N.Y. 2006); *Lynch v. Nat. Prescription Admin'rs*, No. 03 Civ 1303, 2004 WL 385156, at *2 (S.D.N.Y. Mar. 1, 2004). "There is no rigid formula for balancing these factors and no single one of them is determinative" in what is "essentially an equitable task left to the Court's discretion." *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal quotation marks and citation omitted).

In performing the analysis, however, a party's "expressed preference for a forum in a forum selection clause is entitled to substantial consideration, and the party opposing application of a valid clause must "demonstrate exceptional facts explaining why he should be relieved from his contractual duty." *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992); *see also Haskel v. Registry, Inc.*, 862 F.Supp. 909, 916 (E.D.N.Y. 1994) ("Although plaintiff's choice of forum would normally be given deference, once a mandatory forum selection clause is determined to be valid, the plaintiffs bears the burden of showing why the contractual provision should not be enforced.").

Defendant Curves asks the Court to transfer venue to the District Court for the Western District of Texas, because the parties contracted to bring actions that arise under the franchise agreement in that forum. Curves further argues that transfer is appropriate under 28 U.S.C. § 1404(a) because the majority of documents relevant to the case and a number of key witnesses reside in Texas and because a related action against Curves in that district has been brought by other franchisees. *See* Def.'s Mem. at 15.

Plaintiffs counters that, to the contrary, the relevant factors do not weigh in favor of transfer because the most relevant witnesses are the franchisees who live and work in New York

9

and will be seriously inconvenienced by defending this case in Texas. *See* Pl.'s Mem. in Opp'n at 8. Plaintiffs also contend that most of the relevant documents are in the franchisees' possession and are located at their respective residences or offices in New York. *Id.* at 9. They further contend that the locus of operative facts weigh in plaintiffs' favor because the facts of this case revolve around the actual performance of each plaintiff's Curves franchise, which took place in New York. Lastly, plaintiffs argue that New York is more familiar with application of the NYFSA and has a greater interest in protecting its resident franchisees from franchise abuse. *Id.* at 12-13. I examine plaintiffs' contentions in turn.

1. Convenience of Parties and Witnesses

With respect to the convenience of the parties and the witnesses, plaintiffs have not articulated any compelling reasons for overriding the forum selection clause. Courts sitting in this circuit have made clear that "mere inconvenience and expense of traveling are not, standing alone, adequate reasons to disturb parties' contractual choice of forum." *Elite Parfums Ltd. v. Rivera*, 872 F. Supp. 1269, 1272 (S.D.N.Y. 1995). Plaintiffs acknowledge this principle at page 8 of their brief when they argue that defendants cannot complain about the inconvenience of their witnesses because "mere statements of convenience or claim that a greater number of witnesses reside in a particular forum ... is insufficient for transfer." Moreover, the "parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party." *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (citations omitted). Here, as plaintiffs point out, defendant Curves asserts that its witnesses would be similarly inconvenienced if the case were tried in this Court. I therefore conclude that this factor does not support plaintiffs' position that this action should

10

remain in New York.

## 2. Location of Documents

As far as the location of documents is concerned, this is not a factor carrying great weight. *See Am. Steamship Owners Mut. Protection & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing scanning and emailing documents."); *see also Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (same).

## 3. Locus of Operative Facts

The locus of operative facts is a "primary factor" in determining whether to transfer venue. *Mattel, Inc. v. Procount Bus. Servs.*, No. 03 Civ. 7234, 2004 WL 502190, at *4 (S.D.N.Y. Mar. 10, 2004). Along with the location of material witnesses, this has a bearing on where the "center of gravity" of the action rests. *See Foothill Capital Corp. v. Kidan*, No. 03 Civ. 3976, 2004 WL 434412, at *1 (S.D.N.Y. Mar. 8, 2004) (citation omitted). Plaintiffs argue that the center of gravity is in New York because the franchise agreements were performed here. As Plaintiffs concede, however, "some of the operative facts may revolve around activity in Texas..." as well. Pls.' Mem. in Opp'n at 10. Accordingly, the Court finds this factor to be neutral.

## 4. Forum's Familiarity with the Governing Law

Plaintiffs have asserted claims under the NYFSA and argue that a New York forum's familiarity with New York law tips the balance against transferring the case to Texas. Courts in this circuit have held that this factor is of less importance when the law to be applied- that of contract breaches- is relatively straightforward. *Flowserve Co. v. BMCE, Inc.*, No. 05 Civ 8075,

2006 WL 2927176, at *9 (S.D.N.Y. October 12, 2006). Notwithstanding these cases, Plaintiffs are correct that where there are state law claims, the "forum's familiarity with governing law supports retention of the action." *Am. Eagle Outfitters*, 457 F. Supp. 2d 474, 2006 WL 2949932 at *4. Thus, this factor weighs slightly against transfer.

### 5. Trial Efficiency and the Interests of Justice

And, finally, to the extent the interests of justice requires conservation of judicial resources, this factor favors transferring the action to Texas. Defendant Curves in its brief states that related cases are already pending in the Western District of Texas. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent"). Plaintiffs have not offered any reason to question this assertion.

While all of the factors involved do not tip the balance in favor of transfer, the Court concludes that, particularly in light of the forum selection clause, plaintiffs have fallen short of demonstrating exceptional facts that would justify relieving them of their contractual obligation to litigate this matter in the Western District of Texas. Thus, in the exercise of its discretion, the Court will transfer this action to the Texas court.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the forum selection clauses in the franchise agreement are enforceable. After considering the factors under § 1404(a) and the parties' contractual choice of forum, the Court will transfer this action, in its entirety, to the Western District of Texas. It is therefore unnecessary to decide whether defendant Heavin is

12

amenable to personal jurisdiction under New York's long arm statute and to enter into minimal contacts analysis.

Accordingly, defendant Curves's motion to transfer this action to the Western District of Texas is granted and defendant Heavin's motion to dismiss the claims against him is denied, as moot.

It is SO ORDERED.

Dated: New York, New York
September 29, 2008

*Charles S. Haight*
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

13